STATE OF FLORIDA ex rel. J. REX FARRIOR, as State Attorney for the Thirteenth Judicial Circuit of the State of Florida, v. ROBERT ROIZ and MABEL ROIZ, his wife, and JOE LOPEZ, JR.

6 So. (2nd) 835 · En Banc
March 3, 1942 Rehearing Denied March 31, 1942

J. Rex Farrior and L. S. Grayson, for appellant.
Whitaker Brothers, for appellees.

CHAPMAN, J.:

The record in this case discloses that the State of Florida upon the relation of Honorable J. Rex Farrior, State Attorney, filed a bill of complaint in the Circuit

Court of Hillsborough County against Robert Roiz and wife, Mabel Roiz, and Joe Lopez, Jr., seeking a restraining order against the operation by them of a nuisance as defined by Section 7832 C.G.L., located at 2802 22nd Street of Tampa, under the name of "Green House Cafe." An answer was filed, testimony taken and on final hearing the chancellor below denied a restraining order and dismissed the bill of complaint. From this final decree the State of Florida has perfected an appeal to this Court.

It was the view of the lower court and counsel that the pleadings in the case at bar were settled and controlled by the case of Valdez v. State ex rel. Farrior, 142 Fla. 123, 194 So. 388. The plaintiff below established that Fred Jones, Shelly Myers and Hugh Nixon purchased at the "Green House Cafe" live "Cuba" tickets numbered 27, 46 and 18, respectively, on the 29th and 30th of August, 1938. The Green House Cafe, as testified to by the witnesses, had a general reputation as a place where "bond," "Cuba" and "bolita" tickets were sold.

The defendant showed that cigars, beer, wine, candy, cakes and cigarettes, and other items, were sold at the Green House Cafe and had been operated as such a store for approximately eight years. Witnesses Simmons, Canto, and Dimmi each testified that they had lived in the community or were acquainted with the business operated by the Green House Cafe and its reputation was good, and that they had never heard or known that lottery tickets were sold at the place. It was their judgment that the general reputation of the store and place of business was good and lawful. The defendant, Mabel Roiz, testified that the Green House Cafe was owned by the witness, her hus-

band and Joe Lopez. Andrew Lopez, a brother of Joe Lopez, worked in the store. It appears that the "bolita" tickets were sold by Andrew Lopez on August 29th and 30th, 1938, and the State witnesses observed other sales of "bolita" tickets when in the place of business. It was shown in rebuttal that Robert Roiz had been arrested and charged with gambling.

It is contended by counsel for appellant that the evidence adduced and appearing in the record is legally sufficient to bring the appellees within the several provisions of Section 7832 C.G.L. We have given careful consideration to the evidence appearing in the record. It is our view that the allegations of the bill of complaint are much stronger than the evidence adduced to establish the same. It is true that the plaintiff adduced testimony showing the sale of lottery tickets at the Green House Cafe on the 29th and 30th of August, 1938, and these witnesses likewise testified that the place of business had a general reputation of being a place where lottery tickets were sold. It is true, as shown, that one of the defendants had been arrested for gambling, but admitting as true these several criminal acts, it appears that the Criminal Court of Record of Hillsborough County has the jurisdiction to try the person selling the lottery tickets. The evidence fails to show that the owners of this land and store had a knowledge that Andrew Lopez sold at the place the lottery tickets. The testimony of the plaintiff fails to show that at the Green House Cafe there was conducted or maintained a nuisance within the provisions of Section 7832 C.G.L. The evidence fails to establish the material allegations of the amended bill of complaint.

From the facts established and the law applicable thereto there was no error on the part of the chancellor below in denying or refusing to issue an injunction. We fail to find error in the record. The decree appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.